IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL HERRERA, | No. C 11-0314 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| B. CURRY, et al., | |
| Respondents. | |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the California Board of Parole Hearings ("Board"). Petitioner has paid the filing fee.

## ANALYSIS

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner raises three claims in his petition: (1) the use of the "some evidence" standard by the Board to determine parole eligibility, and by the state and federal courts to review the Board's decision, is unconstitutional; (2) the Board has denied him parole pursuant to a "no parole" policy; and (3) the denial of parole was not a "sensible" decision.

In his first claim, petitioner appears to believe that the Board used the "some evidence" standard at the initial decision-making level. The Board's decision, attached to the petition, shows no evidence that the Board applied such a standard, however, so this claim fails. The United States Supreme Court has recently held, moreover, that "some evidence" is no longer the correct standard for reviewing a parole decision in order to determine whether there was a violation of due process. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. As neither the Board, nor the courts in reviewing the Board's decision for a due process violation, apply a "some evidence" standard, petitioner's first claim fails.

Petitioner also contends that there was not sufficient evidence to support the denial applying a preponderance standard, which he contends was the correct standard of review. His confusion here, which is perfectly understandable, is between the standard that the Board uses in the first instance, and the standard that state and federal courts in this circuit used at one time to determine whether there was sufficient evidence under due process to support the Board's decision. *See Sass,* 461 F.3d at 1128-29 (reviewing Board's decision for some evidence); *In re*

*Rosenkrantz*, 29 Cal. 4th 616, 652 (2002) (same). Only federal claims are cognizable in federal habeas actions, which means that a federal district court does not review whether there was or was not a preponderance of the evidence to deny parole. Indeed, as *Swarthout* has made clear that there is no evidentiary requirement under due process, let alone ap preponderance of the evidence. Thus, to the extent petitioner's claim is that there was not a preponderance of the evidence to support the denial, even if true, it cannot be the basis for federal habeas relief.

Petitioner's second and third claims allege that the Board's decision to deny parole violated his right to due process the decision was not "sensible" in light of the evidence before it, and it was made pursuant to a "policy" of denying parole to inmates convicted of murder. To begin with, a review of the hearing transcript reveals that the Board denied parole cited specific facts about petitioner, and not a general policy, as its reasons for denying parole. In any event, for purposes of federal habeas review, due process only affords a California prisoner "minimal" procedural protections in connection with a parole suitability determination. *Swarthout*, 131 S.Ct. at 862. Specifically, due process only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* The parole hearing transcript makes it clear that petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Ibid.* In light of the Supreme Court's determination that due process requires no evidentiary basis to support the denial of parole, Petitioner's claims that the Board did not sensibly evaluate the evidence and denied parole pursuant to a policy do not state a cognizable claim for relief.

## CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March   22  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\HERRERA0314.DSM.wpd